Mr. Darst. Thank you, Your Honor. Good morning, Your Honors. I may please the Court. All parties in this case agree that the plaintiff, Peter Daza, is a gifted geologist. He worked for 22 years for the Indiana Department of Transportation in the low-level, non-political job of geologist to improve the asphalt quality of roads for the comfort and safety of everyone using the Indiana highways, which is quite an important thing to do even though he was in a low-level job. In the last week of November 2015, he made a political statement about immigration, which was a hot issue. Shortly thereafter, in the next week, first week of December, political appointees made false allegations against him and terminated him. So, Mr. Darst, we of course are quite familiar with this story, having had Daza I come up to this Court. I would like you to address what methodology you think a Court should use in assessing the scope of a claim that was before the first Court, because of course that's the key step when we deal with claim preclusion. And let me suggest to you that when particularly taking into account the fact that initial claims are sometimes supplemented by later events that come along, sometimes they're even formally amended or amended by practice, that Rule 15 largely speaks in terms of trials, but the principle, I think, holds more broadly. When you look at this case and you see the scope of the claim that the District Court the first time around resolved, why aren't you just coming back for a second bite at the apple? It seems to me the Court has already looked at the replacement for Mr. Daza, has already said that there was no problem with that, so I'm concerned about repetition here. Thank you, Your Honor. The first case did not include claims of failure to rehire. But it did. I mean, the Court talked about it, though. I agree, the day it was filed it didn't, because those events hadn't happened. But even if you think of the standard McDonnell-Douglas test, you know, the position was open and they continue to look for replacements. They do find this replacement, this young man who gets put in the position. So as the case was ultimately developed and presented to the District Court the first time around for resolution, this choice not to put him in the spot two years later looks to me like it's part, yeah, Mr. Mort Jones, looks to me like it's part, it was, became part of the case. No, Your Honor, it is not part of the case and the District Court admitted in the judgment, in the judgment appeal from here that it was not part of the case, it was separate. And so the Court then went back and relied on its argument that even though it was not part of DASA I, and I'll tell you a little bit about why it was not part of DASA I, there was no evidence, well there was no issue raised in DASA I of the failure to rehire in the motion for summary judgment. There was no evidence offered on the failure to rehire by the defendants to justify a summary judgment on the failure to rehire. And the Court even concluded that the failure to rehire was not in the EEOC charge of 2015, which was true and so DASA filed an EEOC charge based on the 2017 failure to rehire. So the Court agreed that there, that DASA I was not, excuse me, that the failure to rehire in 2017 was not a part of DASA I, which was on the termination of, excuse me, the failure to rehire in 2017 was not a part of DASA I, which was considering the 2000. But could you address yourself to, this is, I'm looking at page 17 of the District Court's opinion, it's A32 as attached to your brief, where the Court says, regardless, I'm going to say, regardless of what happened before, the Court explicitly ruled on NDOT's hiring of Mr. Mort Jones in DASA I. And then there's a big long quotation from DASA I about whether NDOT's hiring of Mr. Mort James was enough to show prima facie case of age discrimination and that it was two years later. I mean, that looks like the Court resolving this claim to me. It is the Court commenting on the failure to rehire, but this issue is not raised in the motion for summary judgment. Yeah, Mr. Darst, that's where I want to pause you. Right there. I'm sorry. It's Judge Scudder from the courtroom. When I look at the, when I look at the District Court opinion, or I'm sorry, our prior opinion, and then I, well, I look at the District Court's opinion from August 31st of 2018, I think the one Judge Wood is looking at. Okay. I looked at those exact same passages, and giving your client all the benefit of the doubt, I wondered if the District Court on its own just raised the point and just addressed it, because I thought that would be very unlikely. It's extremely fact-specific. And that's not, it doesn't seem to be what happened. When you look at the filing that you submitted in the District Court on May 16th of 2018, document number 73 on the docket, you, on behalf of your client, of course, you argued about the refusal to rehire Mr. Daza. I mean, on pages 34 and 35. In other words, you made the exact argument that led to the District Court writing what it wrote, as Judge Wood is pointing out. And so, my question is perhaps the same one that Judge Wood is asking, and that is, by injecting it into the litigation and having the District Court write what it wrote, doesn't that lead to claim preclusion? No, Your Honor, because we were attempting to follow the instructions of the state. In appendix page, I believe it's five, we asked the state, is the failure to rehire included in the administrative proceedings relating to the termination? And the state did not take position. The state then filed a motion for summary judgment that did not address the failure to rehire. So, in response, we said, well, there's a failure to rehire here, and we need discovery on it, and we'd like to proceed on that. And also, the bare facts that we have show that an unqualified person was selected in the failure to rehire. The court denied discovery on the failure to rehire on the ground that it was moot because it was not in the case. It was not in the EEOC charge of 2015. It was not in the DASA 1 complaint, court complaint. It was not in the DASA 1 amendment complaint, and the court said it is not in this case. And so, your discovery is moot. You do not have a right to discovery. We accepted that ruling of the district court that is not in DASA 1, and so followed the court's instruction to file an EEOC charge on the failure to rehire. And then, when we got a notice of right to sue, to file the court complaint on the failure to rehire. Now, the court, Judge Wood is correct. The court commented on the failure to rehire, but that was not after any evidence from the defendant. Excuse me. But you briefed it, too. They offered no evidence on the failure to rehire. You briefed it, Mr. Darst. I'm sorry. Sorry? I'm sorry. I didn't mean to speak over you. You briefed it. So, I understand, like, I understand the path that the litigation traveled. You've been very clear on that, but it remains, does it not, that you briefed it at summary judgment. That's what led the judge to write this, in my view, anyway. We briefed the very facts that he was not rehired and a less qualified person was hired. We did not have any discovery, and we did not have any opportunity to talk about the merits. We just offered the evidence as the bare facts supporting the termination. And the court ruled this failure to rehire is not included in the termination case, the 2015 termination. The heart of the court's opinion is that the court said, well, it's not, it was not in the 2015 case, but the plaintiff should have stayed the 2015 termination case until the plaintiff obtained a notice of right to sue from the EEOC, which the court said we had to file. So, we could not have proceeded on the merits in the 2015 termination case on failure to rehire. The Supreme Court case of Lucky Brand, Doug Rees versus Marcel Fashion's group rules against that position of the history court that we should have moved to stay the lawsuit on the 2015 termination, awaiting the EEOC on the 2017 EEOC charge two years later. The court said no. The Supreme Court said in Lucky Brand Hill that claims occurring after the first lawsuit are not required to be included in the first lawsuit. So, therefore, the court's suggestion that we should have is contrary to the Supreme Court's decision that that is not required. Mr. Doris, I'll give you another minute to conclude. Furthermore, this gets to what has been terminated claim splitting. And claim splitting involves two claims at the same time. One, an EEOC administrative proceeding, and one in the court. When the two claims are at the same time, then one of the claims that occurred at the same time and is in court can be stayed while the EEOC charge proceeds and then a notice of right to sue is issued, and then the claims can proceed together. It is not where there is a 2015 termination and then two years later, a failure to rehire. That is not claim splitting. Those are two separate claims and two separate events. And so the court's decision is contrary to the Supreme Court case of Lucky Brand Dungarees and the decisions cited in that case. Thank you very much. I'll be glad to answer any other questions. Thank you, counsel. Thank you, Jones. May it please the court. My name is Benjamin Jones, and I represent the appellees. This case can be resolved with a straightforward application of claim preclusion because all three elements are met. There's no dispute that the first two elements are met. The DASA I and, in this case, DASA II were litigated between the same parties, the State of Indiana, the Department of Transportation, Commissioner Fowler, Manager Daniels, and Director Cockrum. Likewise, there's no dispute the DASA I ended in a final judgment after the district court entered summary judgment for the defendants, and this court affirmed the dispute is over the last element, whether there's an identity of the cause of action. But here there clearly is. So, Mr. Jones, can I just interject? I mean, I don't think this case is nearly as easy as the district court may have thought. And there's a debate in the world of civil procedure and issue and claim preclusion and the like about the degree to which somebody is required to bring into what I'll call case number one something that they could. So are they required, for example, to supplement pleadings under Rule 15D? Are they required to bring supplemental state claims even though they don't independently fall within the jurisdiction of the federal court? Let's assume there's no diversity. Of course, this would not be a diversity case because the state isn't a citizen of itself. And so if you're required even to bring all these discretionary things in, permissive counterclaims as well as compulsory counterclaims, then this case would be pretty easy. But the courts typically don't go quite that far. And so this case strikes me as almost a little bit of a hybrid between claim and issue preclusion. There's the original claim, various theories. But then as the case is developed, along comes the posting of the job after the two years, the four applications through the online inbox. Mr. Mort Jones gets hired. Mr. Daza doesn't throw his name into the hopper. And this paragraph, actually, as Judge Scudder's pointing out, the preparation, it looks to me as though, in terms of defining the claim, the parties agreed to expand this claim in this particular case out to these subsequent events. And if that's true, then this case isn't quite like Luckey-Brand-Dungarees. Because Luckey-Brand-Dungarees was a case where there was a very clear new set of events, new infringements, new use of the term Luckey, you know, it strikes me as different. Because Luckey doesn't say you can't expand a case. It just says you don't necessarily expand it when new events happen. But I don't know how you reconcile sort of the actually litigated part, which reminds me of issue preclusion, with the scope of the original claim part here. I think Your Honor is right that this case doesn't fall within Luckey-Brand. Because we're not talking about two separate cases that were addressed, different matters and their trademarks and different issues. Why this case, I think, is subject to claim preclusion is, as I think Your Honor alluded to earlier, is because of Rule 15. Yes, Mr. Daza did not allege a failure to rehire claim in either the original complaint or the amended complaint in Daza 1. Nevertheless, in response to the state's motion for summary judgment, he inserted the failure to rehire claim. And the district court didn't just discuss it, but the district court expressly entered summary judgment for the defendants on that claim, finding that Mr. Daza had not shown that he applied and was rejected for the position or any connection between his charge of discrimination and the hiring of his replacement. The district court discussed that and entered judgment on it. And Rule 15 permits parties to expand the scope of a case through litigation conduct. And while it authorizes, and perhaps it's a good idea for the parties to file a motion under Rule 15 to conform the pleadings to what's actually adjudicated, Rule 15b expressly says that that's not required. And this court has previously held that that's not required for purposes of a later preclusion from an earlier judgment. I mean, I'm just going to interject. Nobody, aside from myself, has mentioned Rule 15 in these briefs. But you kind of need to find a theory for requiring Mr. Daza to be bound by something that hadn't even happened yet at the time he files his initial complaint. Yes, Your Honor. And I think what binds him is while he may not have been required to, and this may not have been a mandatory claim that had to have been brought in Daza I, the reason he's precluded from relitigating it in Daza II is that he chose to bring that claim and have it adjudicated in Daza I. And regardless, I think, of the propriety of the district court's ultimate decision to rule on it and her resolution of that claim in Daza I, that should have been appealed to this court in Daza I. He can't now come back in this case and challenge how that was handled in Daza I. If you go down that road, Mr. Jones, can you respond to your adversary's point that it was pretty clear that there was no opportunity for factual development of that aspect of it? And so I'm interpreting Mr. Darf's position to be, well, you know, we included it in there in the summary judgment papers kind of out of an abundance of caution, but we were not given an opportunity to develop the claim factually through discovery or in any other way. Your Honor, I think that in both my recollection is in Daza I and certainly in this case that while summary judgment briefing is ongoing, the federal rules expressly provide an avenue for a litigant who needs factual development to respond to a motion to file an affidavit and request discovery. In neither Daza I nor Daza II, did Mr. Daza submit an affidavit under 5060 explaining what discovery he needed to develop to respond to the state's motion and why he couldn't have gotten that before. The failure to file an affidavit under 5060 with a request for discovery in summary judgment briefing, it's not an abuse of discretion for district court to deny a request for discovery in summary judgment that's not supported by an affidavit under 5060. And that's expressly why here Judge Magnus Stenson denied the request for discovery because it wasn't supported by an affidavit. And this court's consistently held that that's not an abuse of discretion. So there is a lack of discovery and a lack of factual development, but to some extent that is the consequence of Mr. Daza's litigation strategy and failure to support his request. To circle back, because the matter was actually litigated in Daza I, claim preclusion bars Mr. Daza from litigating it in Daza II. We acknowledge that it wasn't, it wasn't pled, but it was actually litigated by the parties and ended in a judgment. True to here in Daza II, Mr. Daza is alleging that it was not just retaliation when he was not rehired and said a replacement was selected, but he also alleges that it was discrimination. And that's where we get into sort of the claim splitting aspect of claim preclusion. When Mr. Daza chose to inject failure to rehire in Daza I, at that point he was obligated to bring all legal claims associated with those, that factual basis. I think he's arguing though that there was at best very weak notice of this, that this issue sort of slips in on the sidelines and if it had been properly raised he could have filed the 56D affidavit. He could have sat down and thought about, okay, now that I'm into, you know, this rehiring situation, is there anything else? Is, you know, are there other legal theories? Are there other, you know, suppose for example, you know, that he had had a chance to develop facts that would say that INDOT all the time for prior employees doesn't require online application. I know that you say that it's different, but, you know, maybe there are factual variances in INDOT's practices that somebody would have wanted to look at. And so without clear notice that this is all now in the case, he's quite disadvantaged. Ron, I don't think so, and I think that's because, I think had the state injected that issue as a side issue in its summary judgment briefing, maybe the sort of the fairness or the concern about notice would be better taken. But here it was Mr. Daza himself who chose to inject that issue in response to the state summary judgment motion without having had adequate discovery allegedly or without having a chance to develop the EEOC claim. And he has to live with the consequence of that decision. He could have certainly appealed that to this court in DAZA 1 but chose not to. And because claim preclusion bars Mr. Daza's claim, we respectfully ask that the district court's judgment be affirmed. Thank you. Thank you, Mr. Jones. Thanks to Mr. Dars. And thanks to both counsel. And we'll take the case. May I have a minute, Your Honor? All right, I'll give you one more minute. One more minute. Thank you. The parties did not agree to include the failure to rehire in DAZA 1. As a matter of fact, the defendant opposed it and said it is not in DAZA 1 and submitted no evidence. There was no evidence to support a summary judgment in DAZA 1 on the failure to rehire. A plaintiff asked to compel discovery in DAZA 1 on the failure to rehire. And the court ruled that it was moot. And it was moot because the motion to compel was moot because it was not included in DAZA 1. And the court, at appendix 30, page 15 of the order, found that it was a separate claim, the failure to rehire, and that the way the court was trying to include it in DAZA 1 was that the plaintiff should have stayed the, and was required to, therefore, stay the termination litigation in order to wait for the two years later failure to rehire, which it would have, if allowed, delayed many cases, including this one. So that decision is contrary to Lucky Glenn's dungarees. Thank you. Thank you, Mr. Curtis. Again, thanks to all counsel. And the case is taken under advisement.